ACCEPTED
15-25-00235-CV
FIFTEENTH COURT OF APPEALS
AUSTIN, TEXAS
1/5/2026 5:56 PM
CHRISTOPHER A. PRINE
CLERK

No. 15-25-00235-CV

# In the Court of Appeals for the Fifteenth Judicial District, Austin, Texas

FILED IN
15th COURT OF APPEALS
AUSTIN, TEXAS
1/5/2026 5:56:10 PM
CHRISTOPHER A. PRINE
Clerk

---

IN RE FRANK JACKSON,
*Relator*

---

Original Proceeding from Cause No. 25-BC11B-00032
Texas Business Court, Eleventh Division, Houston, Texas

---

**REPLY IN SUPPORT OF
MOTION FOR TEMPORARY RELIEF**

---

Gregg Costa
  State Bar No. 24028160
Sydney A. Scott
  State Bar No. 24088379
GIBSON, DUNN & CRUTCHER LLP
811 Main Street, Suite 3000
Houston, TX 77002
Tel.: (346) 718-6649
Fax: (346) 718-6967
gcosta@gibsondunn.com
sascott@gibsondunn.com

*Counsel for Relator*

**REPLY IN SUPPORT OF MOTION FOR TEMPORARY RELIEF**

Barras's response to Jackson's request for temporary relief fails to identify any prejudice that would result from a brief stay while this Court considers the mandamus petition. Nor does Barras deny that attorney immunity is a true immunity from suit or that the immunity would ordinarily protect against the expedited discovery he seeks from Jackson. His only response is to incorporate by reference the merits arguments offered in opposition to the mandamus petition (Opp. at 1-2), and to suggest that a stay, if issued, should be limited to Jackson (at 2). As explained below and more fully in the forthcoming reply in support of the mandamus petition, Barras's merits arguments are wrong. And, besides being unworkable, there is no precedent for issuing a partial, one-party stay in an immunity appeal. The Court should grant the motion for temporary relief.

**I. Barras does not dispute that attorney immunity protects against the rapid-fire discovery he seeks.**

Attorney immunity protects lawyers "from civil suit." *Bethel v. Quilling, Selander, Lownds, Winslett & Moser, PC*, 595 S.W.3d 651, 658 (Tex. 2020); *accord Troice v. Proskauer Rose, LLP*, 816 F.3d 341, 348 (5th Cir. 2016) (explaining that "Texas courts seek to protect attorneys against even defending a lawsuit" because attorney immunity is a "true

-1-

immunity"). For this reason, when reviewing a denial of attorney immunity, appellate courts often stay trial court actions to protect the relator from being forced to defend against the plaintiff's claims pending mandamus review. *See* Stay Order, *In re Sams*, No. 05-22-150-CV (Tex. App.—Dallas Mar. 8, 2022) (granting stay to review denial of 91a motion asserting attorney immunity); Stay Order, *In re Marshall*, No. 24-1010 (Tex. Apr. 17, 2025) (granting stay to review denial of summary judgment motion asserting attorney immunity).[1] Notably, Barras identifies no case *denying* a stay pending appellate review of an immunity defense.

There is a compelling need to stay the trial court proceedings while this Court considers Jackson's entitlement to immunity from suit. Barras has requested a trial date in August—just eight months away. MR737. And he has demanded Jackson's and many other witnesses' depositions, even though Barras has not turned over his company computer or otherwise produced any documents. MR742. Jackson's burden of defending against Barras's claim is serious and ongoing.

---

[1] Appellate courts also regularly issue stays pending review of other forms of immunity. *See, e.g.*, Stay Order, *In re Facebook, Inc.*, No. 20-0434 (Tex. July 3, 2020) (statutory immunity); Stay Order, *In re Griffith*, No. 14-14-897-CV (Tex. App.—Houston [14th Dist.] Nov. 11, 2014) (governmental immunity); Stay Order, *ERCOT v. Panda Power Generation Infrastructure Fund*, No. 05-17-872-CV (Tex. App.—Dallas July 28, 2017) (sovereign immunity).

In response, Barras denies none of this. He does not dispute that attorney immunity protects lawyers from all the burdens of litigation and does not deny that he has actively pursued discovery from Jackson. Nor does Barras dispute or even respond to the wealth of authority showing that appellate courts routinely stay trial court proceedings pending review of a colorable immunity defense. Mot. at 2-4. And Barras does not even try to identify any prejudice that would result from a brief stay while the mandamus petition is pending. The Court should grant Jackson's motion for temporary relief to prevent forfeiture of his right to be immune from Barras's claim for tortious interference with contract.

## II. Jackson is entitled to attorney immunity.

Barras's tortious-interference claim against Jackson is a down-the-middle case for attorney immunity. The immunity covers all actions taken by an attorney unless the conduct at issue "is not lawyerly work or is *entirely foreign to the duties of a lawyer* or falls outside the scope of client representation." *Taylor v. Tolbert*, 644 S.W.3d 637, 646 (Tex. 2022) (emphasis added). The "only facts required" for the immunity are "the existence of an attorney-client relationship" and "the type of conduct." *Youngkin v. Hines*, 546 S.W.3d 675, 681–82 (Tex. 2018). Here, Barras

-3-

sued Jackson—the general counsel of Reynolds's parent company, Universal Computer Systems Holding, Inc.—for Jackson's actions, together with outside counsel Jackson engaged, to investigate Barras for various misconduct and advise on whether Barras could be terminated for cause. That conduct "involve[s] the uniquely lawyerly capacity and the attorney's skills as an attorney," *Taylor*, 644 S.W.3d at 346, and it is the type of work in-house and external employment lawyers do every day.

Rather that defend attorney immunity on the merits, Barras dedicates three pages to emphasizing the standard of review for Rule 91a motions. Mandamus Opp. at 10-12. But if the pleadings, together with the materials attached to them, "conclusively establish" that the defendant is entitled to attorney immunity, the trial court must dismiss the claim. *Bethel*, 595 S.W.3d at 656. No special or heightened showing is required. "If the defense of attorney immunity meets [the usual Rule 91a] standards, Rule 91a will support dismissal of the barred claims." *In re Sams*, No. 05-22-00150-CV, 2022 WL 3354137, at \*2 (Tex. App.—Dallas Aug. 15, 2022, no pet.) (granting mandamus relief from denial of Rule 91a motion asserting attorney immunity) (quoting *Bethel*, 595 S.W.3d at 656); *id.* ("That is enough for dismissal under Rule 91a."). Because Barras's

claim challenges core attorney conduct, immunity is conclusively established under Rule 91a—just as it has been in the many Texas cases enforcing attorney immunity from suit at the pleading stage. Mot. at 7-8.

### A. Barras's "business conduct" allegations are irrelevant.

Barras argues that attorney immunity does not apply because Jackson supposedly also had business responsibilities at UCSH. Mandamus Opp. at 22-25. But as explained in Jackson's mandamus petition (at 22), the business responsibilities Barras cites—advising on board changes, participating in technology meetings, discussing investment strategy—have nothing to do with the conduct at issue in Barras's claim. Tellingly, the mandamus response is silent on the connection between the alleged business conduct and the tortious interference claim. Barras has sued Jackson for one thing: allegedly interfering with Barras's employment contract by causing him to be terminated for cause. The only conduct relevant to that claim is Jackson's role in investigating Barras and advising on Reynolds's for-cause determination.

Those actions fit squarely within attorney immunity, and Barras's artful pleading cannot evade that conclusion. As Jackson's mandamus petition (at 19-22) explains, a plaintiff is not permitted to recast the

nature of his claims by repleading. *See In re Breviloba, LLC*, 650 S.W.3d 508, 512 (Tex. 2022) ("We are guided by the 'nature' and 'gravamen' of a claim, not how the claim is artfully pleaded or recast."). Although Barras deleted reference to Jackson as the UCSH general counsel and added conclusory language about Jackson acting as a "business advisor," MR77, that gamesmanship does not change that Barras has sued a general counsel over his role in advising his client on the investigation and for-cause termination of its CEO. Moreover, Barras ignores that the termination letter attached to Barras's second amended petition—and therefore part of the Rule 91a record—copies Jackson as "General Counsel of the Company." MR114. No matter how Barras dresses up the conduct at issue in this case, it cannot be described as "entirely foreign to the duties of a lawyer." *Taylor*, 644 S.W.3d at 646.

### B. Jackson's representation of Reynolds was adversarial to Barras.

Barras also argues that Jackson's representation of Reynolds in connection with its termination of Barras was not "adversarial" as is required for attorney immunity to attach. Mandamus Opp. at 26-28. But it strains credulity to suggest that a company's for-cause termination of its CEO based on finding that he engaged in interested transactions and

other misconduct—thereby (in Barras's view) depriving that CEO of tens of millions of dollars in severance—is somehow not adversarial. Indeed, the termination letter is addressed to Barras's counsel—because Barras had already retained a law firm to represent him *against* Reynolds. MR111. The letter further recognizes the adversarial nature of the termination decision by attaching a proposed separation agreement, through which Barras would release any claims against Reynolds in exchange for $20 million. MR115–27. And the existence of this contentious lawsuit confirms the adversarial nature of the decision to terminate this CEO for cause. In advising Reynolds on its investigation into and for-cause termination of Barras, Jackson's representation was plainly adverse to Barras.

## C. The cause determination is the crux of Barras's case.

Finally, Barras's position (asserted for the first time here) that his cause termination is not relevant to his tortious-interference claim (Mandamus Opp. at 31-32), contradicts the entire basis for that claim. The only way for Barras to prevail on tortious interference is to show a breach of contract that Jackson induced. *See All Am. Tel., Inc. v. USLD Comms., Inc.*, 291 S.W.3d 518, 532 (Tex. App.—Fort Worth 2009, pet. denied) ("For a plaintiff to maintain a tortious interference claim . . . [he] must present

evidence that some obligatory provision of a contract has been breached."). And the only alleged breach anywhere in the petition involves the for-cause termination provision. MR81 ("Defendant Reynolds wrongfully terminated Barras. Contrary to the Employment Agreement's terms, Reynolds claims the termination was 'for cause.' This is a breach."). After all, Barras's employment contract allowed him to be fired at any time for any reason; the cause determination, with its substantial financial implications, is what is being disputed. Mandamus Pet. at 7. That is why the second amended petition devotes four pages to challenging the cause justifications in the termination letter. MR83–86. Barras's tortious-interference claim is derivative of his breach-of-contract claim, and the only way for Barras to establish that Reynolds breached the contract—and thus establish that Jackson is liable for inducing the breach —is to show that Barras was not properly terminated for cause.

Challenging the cause determination, and Jackson's role in advising Reynolds to make that determination, is the whole point of this case.

## III. A partial stay is unworkable and has no basis in law.

Barras also suggests that if the Court issues a stay, it should be "limited solely to Barras's claims against Jackson." Opp. at 3. But he

offers no authority for the proposition that a one-party stay is appropriate in this situation, nor is undersigned counsel aware of any. In fact, the authority cuts the other way. In cases where one defendant asserts attorney immunity, but other codefendants do not, appellate courts stay the entire trial proceeding until the immunity is resolved. *See* Stay Order, *In re Sams*, No. 05-22-150-CV (staying trial court proceedings to review one codefendant's Rule 91a motion asserting attorney immunity); Stay Order, *In re Marshall*, No. 24-1010 (same as to summary judgment).

There are good reasons why courts of appeals do not issue one-party stays—the dual-track discovery that could result would be an administrative nightmare and severely prejudice Jackson. If the depositions Barras is demanding go forward during a limited stay, they would have to be taken again to allow Jackson's counsel to ask questions in the event the mandamus petition is denied. It makes no sense to risk that highly inefficient situation. And what would happen to the discovery and trial schedule if a partial stay is later lifted? Is the schedule continued? Or is Jackson forced to pursue his own discovery on a compressed timeline before trial? A stay is designed to uphold Jackson's right to immunity from suit, but a partial stay would put Jackson in a *worse* position. The

Court can and should avoid these issues by rejecting Barras's argument for an unprecedented partial stay.

\* \* \*

The balance of interests is lopsided in favor of a stay. Absent a stay, Jackson will irreparably lose his immunity from suit and incur the expense and inconvenience of imminent discovery. On the other side of the equation, Barras has not articulated any prejudice whatsoever from a brief stay while this Court resolves the petition.

**PRAYER**

Frank Jackson respectfully requests that the Court grant his motion for temporary relief and stay proceedings in the trial court pending resolution of the petition for writ of mandamus.

Dated: January 5, 2026

Respectfully submitted,

/s/ *Gregg Costa*
Gregg Costa
  State Bar No. 24028160
Sydney A. Scott
  State Bar No. 24088379
Jack B. DiSorbo
  State Bar No. 24120804
GIBSON, DUNN & CRUTCHER LLP
811 Main Street, Suite 3000
Houston, TX 77002
Tel.: (346) 718-6649
Fax: (346) 718-6967

-10-

gcosta@gibsondunn.com
sascott@gibsondunn.com
jdisorbo@gibsondunn.com

*Counsel for Relator*

## RULE 9.4(i) CERTIFICATE OF COMPLIANCE

Pursuant to Tex. R. App. P. 9.4(i), I certify that this brief contains

2,008 words, excluding the portions exempted by Rule 9.4(i)(1).

*/s/ Gregg Costa*
Gregg Costa

## CERTIFICATE OF SERVICE

I certify that, on January 5, 2026, true and correct copies of this

filing were served via electronic service on the following parties.

*/s/ Gregg Costa*
Gregg Costa

| | |
|---|---|
| Honorable Grant Dorfman | David Genender |
| Judge, Texas Business Court | Jordan Kazlow |
| Eleventh Division | Ruben C. Garza, III |
| 301 Fannin Street | MCDERMOTT WILL & EMERY |
| Houston, Texas 77002 | 845 Texas Avenue, Suite 4000 |
| BCDivision11B@txcourts.gov | Houston, TX 77002 |
| | Tel.: (713) 982-5638 |
| *Respondent* | Fax: (972) 232-3098 |
| | dgenender@mwe.com |
| Anthony G. Buzbee | jkazlow@mwe.com |
| Thomas Colby Holler | rgarza@mwe.com |

Mitchell W. Blasio
THE BUZBEE LAW FIRM
J.P. Morgan Chase Tower
600 Travis, Suite 7500
Houston, Texas 77002
Tel.: (713) 223-5393
Fax: (713) 223-5909
tbuzbee@txattorneys.com
choller@txattorneys.com
mblasio@txattorneys.com

David George
THE GEORGE APPELLATE LAW FIRM
440 Louisiana, Suite 900
Houston, Texas 77002
Tel.: (832) 850-1113
dgeorge@georgeappeals.com

*Counsel for Real Party in Interest*

Maria C. Rodriguez (Pro Hac Vice)
MCDERMOTT WILL & EMERY
2049 Century Park E., Suite 3200
Los Angeles, CA 90067
Tel.: (310) 277-4110
Fax: (310) 277-4730
mcrodriguez@mwe.com

*Counsel for Defendants The
Reynolds and Reynolds Company
and Dorothy Brockman*

# Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Jeanine Broyles on behalf of Gregg Costa
Bar No. 24028160
JBroyles@gibsondunn.com
Envelope ID: 109678723
Filing Code Description: Response
Filing Description: Reply in Support of Motion for Temporary Relief
Status as of 1/6/2026 7:04 AM CST

Associated Case Party: The Reynolds and Reynolds Company

| Name | BarNumber | Email | TimestampSubmitted | Status |
|---|---|---|---|---|
| Jordan Kazlow | 24101994 | jkazlow@mwe.com | 1/5/2026 5:56:10 PM | SENT |
| Ruben Garza | 24127735 | rgarza@mwe.com | 1/5/2026 5:56:10 PM | SENT |
| David Genender | | dgenender@mwe.com | 1/5/2026 5:56:10 PM | SENT |
| Maria C.Rodriguez | | mcrodriguez@mwe.com | 1/5/2026 5:56:10 PM | SENT |

Associated Case Party: Dorothy Brockman

| Name | BarNumber | Email | TimestampSubmitted | Status |
|---|---|---|---|---|
| Jordan Kazlow | 24101994 | jkazlow@mwe.com | 1/5/2026 5:56:10 PM | SENT |
| Ruben Garza | 24127735 | rgarza@mwe.com | 1/5/2026 5:56:10 PM | SENT |
| Maria C.Rodriguez | | mcrodriguez@mwe.com | 1/5/2026 5:56:10 PM | SENT |
| David Genender | | dgenender@mwe.com | 1/5/2026 5:56:10 PM | SENT |

Associated Case Party: NormanThomasBarras, Jr.

| Name | BarNumber | Email | TimestampSubmitted | Status |
|---|---|---|---|---|
| Anthony Buzbee | 24001820 | tbuzbee@txattorneys.com | 1/5/2026 5:56:10 PM | SENT |
| Thomas Holler | 24126898 | choller@txattorneys.com | 1/5/2026 5:56:10 PM | SENT |
| Mitchell Blasio | 24138469 | mblasio@txattorneys.com | 1/5/2026 5:56:10 PM | SENT |

Associated Case Party: Frank Jackson

| Name | BarNumber | Email | TimestampSubmitted | Status |
|---|---|---|---|---|
| Sydney Scott | | SAScott@gibsondunn.com | 1/5/2026 5:56:10 PM | SENT |

# Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Jeanine Broyles on behalf of Gregg Costa
Bar No. 24028160
JBroyles@gibsondunn.com
Envelope ID: 109678723
Filing Code Description: Response
Filing Description: Reply in Support of Motion for Temporary Relief
Status as of 1/6/2026 7:04 AM CST

Associated Case Party: Frank Jackson

| | | | | |
|---|---|---|---|---|
| Sydney Scott | | SAScott@gibsondunn.com | 1/5/2026 5:56:10 PM | SENT |
| Jack DiSorbo | | JDiSorbo@gibsondunn.com | 1/5/2026 5:56:10 PM | SENT |
| Gregg Costa | | GCosta@gibsondunn.com | 1/5/2026 5:56:10 PM | SENT |
| TX-MAO TX-MAO | | pacer-tx@gibsondunn.com | 1/5/2026 5:56:10 PM | SENT |

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|---|---|---|---|---|
| David George | | dgeorge@georgeappeals.com | 1/5/2026 5:56:10 PM | SENT |

Associated Case Party: Honorable Grant Dorfman

| Name | BarNumber | Email | TimestampSubmitted | Status |
|---|---|---|---|---|
| Honorable Grant Dorfman | | BCDivision11B@txcourts.gov | 1/5/2026 5:56:10 PM | SENT |
| Jackie Struss | | Jackie.Struss@txcourts.gov | 1/5/2026 5:56:10 PM | SENT |